IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ROCK-TENN SERVICES COMPANY, INC. <br><br> Defendant. | CIVIL ACTION NO. <br><br> 3:10-cv-01960-B |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between the Equal Employment Opportunity Commission ("EEOC") and Rock-Tenn Services Inc. ("Defendant"), in the United States District Court for the Northern District of Texas, Dallas Division, with regard to the EEOC's latest Complaint filed in Civil Action 3:10-cv-01960 ("Complaint"). The Complaint was based upon a Charge of Discrimination filed by Michael Scott against the Defendant.

The above-referenced Complaint alleges that the Defendant, Rock-Tenn Services Inc. discriminated against Mr. Scott and a class of similarly situated aggrieved individuals by subjecting them to harassment creating a hostile work environment because of their race, African-American. Defendant denies each and every allegation in the Complaint and denies any wrongdoing of any kind and denies that it has violated any law.

CONSENT DECREE                                                              1

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree"). It is understood and agreed that this Consent Decree is in compromise of all claims raised in litigation of the Complaint.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Consent Decree resolves all issues raised in EEOC Charge No. 450-2008-04683, Charge No. 450-2010-02612 (Michael Scott's May 7, 2010 Charge), and Charge No. 846-2010-83747 (Leonard Edwards' November 2, 2010 Charge). This Decree further resolves all issues raised by the Complaint filed by the EEOC in this civil action. The EEOC waives further claims and/or litigation on all issues raised in the above-referenced Charges and the Complaint. The EEOC does not waive processing or litigating Charges other than the above-referenced Charges.

2. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are enjoined from: (i) discriminating against employees on the basis of race; (ii) engaging in or being a party to any action, policy or practice that is intended or known to them to have the effect of harassing or intimidating any employee on the basis of race; or (iii) creating, facilitating, or permitting the existence of a work environment that is racially hostile to its employees. Defendant is further enjoined from: (iv) any employment practice that discriminates on the basis

of race with respect to recruitment, placement, hiring, terms and conditions of employment, termination, or any other employment action, and (v) retaliation in any way against any person because of opposition to any practice declared unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, giving testimony, or assisting or participating in any manner in any investigation, proceeding or hearing.

3. The Defendant shall post the Notice appended hereto as Attachment "A" in the Employee Break Room at the Dallas Mill within thirty (30) days after the entry of this Consent Decree. Defendant will report to the EEOC that it has complied with this requirement within 14 days after posting the Notice. The Notice shall remain posted during the term of this Consent Decree.

4. Defendant agrees to implement the RockTenn Graffiti Abatement Policy and program specified in Attachment B" in its Dallas facility within 30 days after entry of this Consent Decree. Defendant agrees to post the Graffiti Abatement Policy attached as Attachment "B" in the Employee Break Room at the Dallas Mill. This procedure shall remain in effect during the two-year pendency of this Consent Decree.

5. Defendant agrees to distribute Attachments A and B at the training sessions required by paragraph 6.

6. Beginning in calendar year 2013, and during each calendar year that the Consent Decree is in effect, Defendant shall conduct at least one training session for all employees, including management and supervisory employees, officers, human resources personnel, assistant managers and all hourly employees, advising them of the requirements and prohibitions

of the federal anti-discrimination laws with a special emphasis on Title VII of the Civil Rights Act of 1964. Defendant will include in this training its policy against discrimination (Attachment "A") and Graffiti Abatement Policy (Attachment "B"). The training will also advise employees of the company's strong stance against graffiti in the workplace and the efforts RockTenn will take to prevent and correct graffiti in the workplace. The training will also advise the employees of the complaint procedures for individuals who believe they have been discriminated against and the procedure to use when reporting graffiti in the workplace. The training will also include a specific discussion or instruction relating to the issue of racial harassment and a hostile work environment. The training shall be at least one (1) hour in duration. No less than thirty (30) days after each such training session is conducted, Defendant agrees to give written notice to the EEOC as to: (i) the date and location of the training; (ii) the name of the person providing the training; (iii) a list of the employees attending the training; and (iv) the substance of the training.

7. Defendant shall impose discipline -- up to and including termination, suspension without pay or demotion -- upon any employee who is found by reasonable evidence to have engaged in discrimination on the basis of race, or permitted any such conduct to occur in his or her work area or among employees under his or her supervision, including but not limited to racial graffiti.

8. Defendant shall advise all Dallas facility managers and supervisors of their duty to actively monitor their worksites to ensure employees' compliance with the company's policy against discrimination on the basis of race, including prevention of racial graffiti, and to report

CONSENT DECREE                                                                                                   4

any incidents and/or complaints of discrimination on the basis of race of which they become aware directly to their supervisor or manager, the Human Resources Manager, or the Compliance Hotline. Managers also will be advised of their duty to actively monitor their worksites for graffiti, and how to report any incidences of graffiti to the Human Resources Manager at (214) 257-2607 or the General Manager at (214) 257-2603.

9. Defendant also agrees to forward to the EEOC, once per year during the term of this Consent Decree on the date of the entry of this Consent Decree, a log of all complaints of racial graffiti in the workplace which includes the name of the person making the complaint, briefly describes the actions taken pursuant to the RockTenn Graffiti Abatement Policy, and the date upon which the complaint was resolved.

10. Defendant agrees to pay the gross sum of $500,000.00 to resolve all claims for all damages, including individual attorney's fees. Within sixty (60) days of the entry of this Consent Decree, EEOC will provide the Defendant with the name and social security number for each aggrieved individual, the amount payable to each individual, and a signed Release Agreement and form W-9 for each aggrieved individual (and counsel for Michael Scott). Provided these conditions precedent are met, Defendant will issue a check, made payable to each aggrieved individual (and in the case of Michael Scott, a check jointly payable to Michael Scott and his attorney) in the amount specified by the EEOC. Defendant shall send these checks to the EEOC within 30 days of EEOC providing the information and documents listed above, provided, however, that in the event Defendant does not timely receive the Release Agreement and W-9 form for any aggrieved individual, Defendant is not

required to pay settlement funds to that person and the gross settlement will be proportionately reduced. No deductions shall be made from the checks, and a 1099 shall issue for each check.

11. Defendant agrees to provide the EEOC with a mutually agreeable letter of reference on behalf of Colquitt Davis within 15 days of the entry of this Consent Decree.

12. All reports to the EEOC required by this Decree shall be sent to Joel Clark, Trial Attorney, EEOC, 207 South Houston Street, Third Floor, Dallas, Texas 75202.

13. If Defendant fails to tender payment or otherwise fails to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

    a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

    b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

14. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court. The EEOC also reserves the right to seek contempt sanctions for non-payment and non-compliance with this Court Order.

15. The parties to this Consent Decree agree to bear their own costs and attorney's fees associated with the above-referenced Complaint.

16. The term of this Decree shall be for two (2) years from the date of entry.

SO ORDERED, ADJUDGED AND DECREED this ___3rd___ day of ___December___, 2012.

_____
U.S. District Judge

CONSENT DECREE                                                                                      7

AGREED AS TO FORM AND SUBSTANCE:

FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Assistant General Counsel

GWENDOLYN Y. REAMS
Deputy General Counsel

*/s/ for RAC*

ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

JOEL P. CLARK
Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street 3rd Floor
Dallas, Texas 75202
Tel No. (214) 253-2743
Fax No. (214) 253-2749

CONSENT DECREE                                                           8

FOR THE DEFENDANT ROCK-TENN SERVICES INC.

_____
RYAN GRIFFITTS
Texas State Bar No. 00796684
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lockbox 116
Dallas, Texas 75201
Tel No. (214) 880-8118
Fax No. (214) 880-0181

# ATTACHMENT A

## NOTICE TO ALL EMPLOYEES

**POLICY:** Discrimination of any kind can and often will detract from employees' job performance, discourage employees from remaining on the job, keep employees from advancing in their careers and lower overall employee morale and productivity. It is the policy of Rock-Tenn that discrimination is unacceptable and will not be condoned. **This is a zero tolerance policy.**

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the position of Title VII of the Civil Rights Act of 1964, as amended, and the Equal Employment Opportunity Commission's guidelines on harassment and to reiterate Rock-Tenn's policy on harassment.

**SCOPE:** This policy extends to all employees of Rock-Tenn's Dallas Mill, both management and non-management.

**DEFINITION:** Discrimination occurs when an employment decision is made based on a person's race, national origin, gender, color, religion, age or disability rather than on legitimate factors. Harassment is a form of discrimination and includes unwelcome conduct that is based on race, color, sex, religion, national origin, disability, and/or age. Harassment becomes unlawful where 1) enduring the offensive conduct becomes a condition of continued employment, or 2) the conduct is severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive.

Offensive conduct may include, but is not limited to, offensive jokes, slurs, racial graffiti, epithets or name calling, physical assaults or threats, intimidation, ridicule or mockery, insults or put-downs, offensive objects or pictures, and interference with work performance.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedure, and activities are in full compliance with applicable federal, state, and local equal employment laws, statute, rules, and regulations regarding discrimination and retaliation. Employees are expected to read, understand, and follow the policies that Rock-Tenn has established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination is expected to report the conduct as soon as possible to his or her supervisor or manager, the Human Resources Manager at (214) 257-2607, or the Compliance Hotline at 1-800-482-9791. Supervisors and managers who are informed of an alleged incident of

discrimination, including harassment, must immediately notify the Human Resources Department.

### Equal Employment Opportunity Commission

A person may, alternatively or in addition to reporting such an allegation to company officials, contact the U.S. Equal Employment Opportunity Commission for the purposes of filing a charge of employment discrimination. The address and telephone number of the U.S. EEOC office is 207 South Houston, Dallas, Texas 75202; (214) 253-2700. Information about your rights and how to file a charge is available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** Rock-Tenn will promptly investigate each complaint. The investigation may include interviews of employees and supervisors at the facility, the inspection of documents, including personnel records, and full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees engaged in discriminatory conduct, including supervisors and managers, can expect serious disciplinary action. After appropriate investigation, any employee, whether management or non-management, who has been found to have discriminated against another employee will be subject to appropriate sanctions, depending on the circumstances, from a written warning in his or her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they reasonably believe to be unlawful employment practices, or has filed a charge of discrimination, or has given testimony, assistance, or has participated in any manner in any investigation, proceeding or hearing under Title VII of the Civil Rights Act of 1964.

Rock-Tenn Services Company will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**PROTECTION OF PRIVACY:** The question of whether a particular action or incident constitutes discrimination requires a determination based on all available facts. Rock-Tenn Services Company will therefore make a concerted effort to protect the privacy of all personnel. Confidential information will be shared on a need-to-know basis to complete the investigation and to deal appropriately with the situation.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE. THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO (2) YEARS.**

_____          _____
Date                 On Behalf of Rock-Tenn Services Company

CONSENT DECREE                                            11

**ATTACHMENT B**

## ROCK TENN GRAFFITI ABATEMENT POLICY

Graffiti is the words, colors, and shapes drawn or scratched on buildings, in bathrooms and locker rooms, on walls, desks, and other surfaces. It's done without permission and it's against the law. The FBI's Uniform Crime Reporting Program considers graffiti vandalism.

At Rock-Tenn, graffiti is considered vandalism to company property. Rock-Tenn is committed to preventing persons from defacing company property with graffiti, and is committed to making every effort to remediate graffiti as quickly as possible -- within 24-48 hours of receiving a complaint of graffiti in the worksite if possible.

The Cost of repairing the damage and painting over graffiti is significant! If you see graffiti or vandalism in progress, please report it immediately to the Human Resources Manager at (214) 257-2607 or the General Manager at (214) 257-2603. All employees are encouraged to take a photograph of the graffiti, and to identify the date and place where the graffiti was observed. Reports of graffiti can be anonymous. Rock-Tenn is taking the following immediate steps to eliminate graffiti in the workplace:

1. Employing graffiti resistance surfaces to the wall in the men's locker room in the Dallas facility.

2. Requiring on-site supervisors and managers to monitor the men's locker room in the Dallas facility on a weekly basis and report any graffiti immediately to Human Resources.

3. Abate graffiti promptly. Rock-Tenn is committed to abating graffiti as quickly as possible after receiving a report of graffiti in the workplace.

4. Any employee found to have created graffiti in the workplace will be subjected to discipline up to and including termination.

5. Any supervisor or manager who has failed to report to the Human Resources Manager or the General Manager graffiti that has been reported to that supervisor or manager pursuant to this policy will be subjected to discipline up to and including termination.

**THIS NOTICE OF THE ROCK TENN GRAFFITI ABATEMENT POLICY SHALL REMAIN POSTED UNTIL _____, 2014, AND SHALL NOT BE REMOVED FOR ANY REASON.**

_____
Rock-Tenn Official